HARRIET PHELPS *v.* ELIZABETH A. RIGHTOR et al.

In a contest between a wife separated in property from her husband, and a judgment creditor of her husband, seizing property which she claims as belonging to her separate estate, when the creditor specially denies that the property seized was purchased with the separate funds of the wife, and alleges fraud and collusion between the spouses in obtaining the judgment of separation—*Held :* That in such case, the burden of proof is thrown on the wife to establish the validity of her judgment, and to show how she acquired the property in question.

APPEAL from the Fourth District Court of New Orleans, *Price,* J. *Benjamin, Bradford & Finney,* for plaintiff. *Whittaker & Fellows,* for defendants and appellants.

BUCHANAN, J. The plaintiff, a married woman, separated of property from her husband, by judgment of court of the 14th May, 1847, subsequently purchased in her own name real estate by six distinct conveyances, for an aggregate amount exceeding $12,000.

Plaintiff's husband was largely indebted by judgment to defendants, at the time of his marriage, and of the judgment of separation of property between him and plaintiff. Under a *fi. fa.* issued in execution of the judgment of defendant against the husband of plaintiff, the Sheriff has seized the real estate purchased by plaintiff in her own name since her judgment of separation of property, as aforesaid.

This suit is instituted to enjoin the sale by the Sheriff under his levy.

The allegations upon which plaintiff obtained her judgment of separation were, that she had brought into her marriage as a dowry a sum of seven thousand four hundred and ninety-six dollars, composed of the following items :

| | |
|---|---:|
| Bills Receivable of sundry persons | $6546 |
| Cash | 700 |
| Sundry movable effects valued at | 250 |
| Total | $7496 |

That all of plaintiff's said dotal property was received by her said husband, who has administered the same ever since the marriage, and no part thereof ever came into the hands of plaintiff; that her husband's affairs were disordered ; that there were large judgments unsatisfied against him. Plaintiff's husband admitted by his answer in the suit for separation of property, that he had received from his wife the notes, cash, and personal effects alleged by her, and had collected all of the said notes from the makers thereof—which he has retained ever since.

Judgment was rendered, decreeing a separation of property, and that plaintiff recover of her husband the exact amount of her alleged dowry, $7496.

Two *fi. fas.* issued in execution of said judgment, produced nothing, as appears from the Sheriff's returns. It thus appears, from evidence adduced by plaintiff, that the means which she possessed at the time of her marriage had been entirely dissipated and lost previous to the decree of separation of property ; in virtue of which decree alone she now claims that purchases of property made in her own name enure to her separate benefit. There has been no attempt on the part of plaintiff to show how she has acquired the means to make payments for the property so purchased by her. She does not appear to have exercised any trade or

PHELPS
v.
RIGHTOR.

industry, which might have furnished her with such means. The District Judge was of opinion, that it was not necessary for plaintiff to make such proof. But the authorities referred to in the judgment appealed from and in the argument of plaintiff's counsel in this court, do not sustain that doctrine.

In the case of *Mock* v. *Kennedy*, 11 An. 526, the court said : " The evidence fully establishes the plaintiff's right of property to the goods seized. The stock of merchandize appears to have been purchased originally with funds borrowed upon her credit, and lent to her individually."

Again, in the case of *Campbell* v. *Bell*—" Neither is it shown, that after the dissolution of the community, she ever made, or could have made by her industry, the money with which this property was purchased."

The answer of defendants denies specially that the purchases in question were made with the separate funds of *Mrs. Phelps*; and alleges fraud and collusion between her and her husband, as well in the judgment of separation as in the subsequent proceedings.

Under these pleadings, the burden of proof to establish the validity of her judgment, was on plaintiff; and in this we think she has failed.

Judgment reversed ; and it is adjudged and decreed, that the injunction herein issued be dissolved, and that defendants and appellants recover of *Harriet Phelps* and *W. P. Sunderland,* the principal and surety in the injunction bond, *in solido*, one thousand dollars damages, with costs in both courts.